The opinion appears to accept that the compensable back strain was not alone totally disabling, based the opinions of the physicians who saw plaintiff during the first two years following the accident. Thus the primary question becomes whether the plaintiff's back injury and associated inactivity and weight gain exacerbated (precipitated, aggravated, accelerated, augmented, etc.) her preexisting circulatory deficiency in her leg that caused periodic ulceration and other problems. It is an undeniably sad case (and plaintiff is receiving Social Security disability benefits), but the weight of the medical evidence is that this problem was disabling, independent of the back condition, and that the inevitable progression of the leg problem was not significantly affected by it. See Depos. of Drs. Paschal, pps. 20-23, Davis, pps. 17-25, Derian, p. 47. "[W]hen a pre-existing, non-disabling, non-job-related disease or infirmity eventually causes an incapacity for work without any aggravation or acceleration of it by a compensable accident or by an occupational disease, the resulting incapacity so caused is not compensable". Morrison v. Burlington Industries, 304 N.C. 1, 18,282 S.E.2d 458 (1981). The exacerbation of the condition by a failed work attempt was not caused by an occupational disease or accident. Since no connection between the workplace and the disabling condition has been shown, I must respectfully, DISSENT.
 S/ ___________________________ J. RANDOLPH WARD COMMISSIONER
JRW:md